UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No.

AMANDA ROGERS, individually,

　　　Plaintiff,

-vs-

FOCUS RECEIVABLES MANAGEMENT, LLC, a Foreign limited liability company,

　　　Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMANDA ROGERS, individually (hereinafter "Plaintiff"), sues Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC, a Foreign limited liability company (hereinafter "Defendant") for violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person and citizen of the State of Florida, residing in Broward County, Florida.

2. Upon information and belief, Defendant is a Foreign limited liability company with its principal place of business in Marietta, Georgia, and is registered with the Florida Department of State as a foreign company.

3. This Court has federal question jurisdiction because this case arises out of violations of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. §227(b). *See* Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

4. Venue is proper in Broward County, Florida pursuant to 18 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Broward

County, Florida. Plaintiff is a resident of Broward County, Florida, and Defendant has a registered agent for service located at Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

## FACTUAL ALLEGATIONS

5. At all times material hereto, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

6. In January 2016, Defendant began placing autodialed and/or prerecorded calls to Plaintiff's cellular phone.

7. Plaintiff did not and has not expressly consented to Defendant's automated/autodialed calls to her cellular phone.

8. Under the TCPA, the burden is on Defendant to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute.

9. Defendant has placed over twenty (20), additional autodialed and/or prerecorded phone calls to Plaintiff on her cellular phone to date.

10. Plaintiff is informed, believes, and based thereon alleges that all phone contact by Defendant to Plaintiff on her cellular phone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

11. None of Defendant's phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

12. Defendant's telephone calls to Plaintiff's cellular phone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

13. Defendant's repeated calls were time consuming and harassing to Plaintiff, causing stress

[1523750/1]                                    2

and emotional hardship.

14. Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

15. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

16. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 14.

17. Defendant, or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, and/or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

18. Defendant continued and continues to make such calls despite never having prior express consent.

19. Defendant willfully or knowingly violated the TCPA.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

1. $500.00 dollars in statutory damages for each violation of the TCPA;

2. $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;

3. a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

4. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;

5. actual damages as provided for in the TCPA;

6. attorney's fees and litigation costs; and

7. such other or further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

**Dated this 24th day of May, 2016.**

Respectfully Submitted,

ZEBERSKY PAYNE, LLP
*Counsel for Plaintiff, Amanda Rogers*
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com
Tertiary E-mail: mperez@zpllp.com

By_____
**JORDAN A. SHAW, ESQ.**
Florida Bar No. 111771